UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SCOTT GEDDES,

                Petitioner,  **MEMORANDUM & ORDER**

               - against -  07-CV-5054 (NGG)

CAMERON LINDSAY, Warden, Metropolitan
Detention Center,

                Respondent.
-----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Scott Geddes ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, requesting that the court order Warden Cameron Lindsay ("Respondent") to remove him from the Special Housing Unit ("SHU") at the Metropolitan Detention Center ("MDC") in Brooklyn, NY.

For the reasons set forth below, Petitioner's motion for a writ of habeas corpus is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 18, 2005, Petitioner was sentenced to 41 months imprisonment for mail fraud and impersonating a federal officer. He was subsequently imprisoned at the MDC. (Government's Response in Opposition ("Gov't. Resp.") (Docket Entry # 4) at 3.) For some period between July 18, 2005 and October 2, 2007, Petitioner worked as a cook at the MDC. (Gov't. Resp. Exh. 2 ("Letter to OIG") at 2.) On October 23, 2007, Petitioner sent a letter to the Office of Inspector General ("OIG") at the Federal Bureau of Prisons ("BOP"). (Id.) The letter made several allegations about a BOP food services employee, including that he reported to work intoxicated or on drugs, took kickbacks from equipment vendors, prepared foods that had passed their expiration dates, harassed inmates, and supervised an unsafe work environment.

(Id. at 2-4.) In addition, Petitioner alleged "a lot of corruption from top to the bottom." (Id. at 4.)

The Office of Inspector General received the letter on October 23, 2007 and began an investigation into Petitioner's allegations. (Gov't. Resp. at 4.) On November 7, 2007, an MDC official discussed the letter with Petitioner. (Petitioner's Motion for Habeas Corpus ("Motion") (Docket Entry # 1) at 2-3.) Respondent subsequently placed Petitioner on administrative detention and transferred him to the SHU at the MDC. (Gov't. Resp. at 4.)

On November 27, 2007, Petitioner filed a *pro se* motion for a writ of habeas corpus pursuant to section 2254. Petitioner alleged that the BOP violated his constitutional right to due process by transferring him to the SHU. (Motion at 5.) Petitioner acknowledged that he did not exhaust his administrative remedies but nonetheless requested that the court return him to the general population. (Id. at 5-6.)

On April 1, 2008, Petitioner was removed from administrative detention and transferred from the SHU to the CNK Community Corrections Center ("CCC") in New York. (Gov't. Response at 4.) On April 2, 2008, the Office of Inspector General completed its investigation into Petitioner's allegations and determined that they were "unfounded and not sustained." (Id.)

## II. STANDARD OF REVIEW

Petitioner filed his motion pursuant to section 2254. A federal court may issue a writ of habeas corpus under section 2254 only if the petitioner is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Because Petitioner is in federal custody pursuant to the judgment of a federal court, this court cannot grant him relief under section 2254.

Although Petitioner's motion, as filed pursuant to section 2254, does not state a claim for

which relief can be granted, "it is routine for courts to construe prisoner [motions] without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997); see also Cook v. New York State Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003) ("It is the substance of the [motion], rather than its form, that governs."). Petitioner seeks to be transferred out of the SHU at the MDC. His motion is therefore a challenge to the manner in which his sentence is being executed, which should have been filed under section 28 U.S.C. § 2241. See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (matters challengeable under section 2241 include "prison disciplinary actions, prison transfers, type of detention and prison conditions"). The court will therefore construe Petitioner's motion as a motion under section 2241.[1]

Petitioner also asserts that prison officials have deprived him of his constitutional rights and seeks relief pursuant to 42 U.S.C. § 1983. Respondent, however, is an employee of the Federal BOP. As such, Respondent is not acting "under color of any statute, ordinance,

---

[1] 28 U.S.C. § 2244(a) provides courts with statutory authority to "to dismiss [section] 2241 habeas petitions when they raise claims that have already been decided on the merits in a prior [section] 2241 petition." Simon v. United States, 359 F.3d 139, 143 n.7 (2d Cir. 2004); see also Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001) (holding that when a 2241 motion raises the same claims as a prior 2255 motion that was decided on the merits, district court should convert the motion to a 2255 motion in order to "preserve the right of federal prisoners to file a proper section 2241 petition"). A district court must therefore provide a petitioner with both notice of the consequences of filing a section 2241 motion and an opportunity to withdraw the motion before it can recharacterize the motion as one made under section 2241 and decide the case on the merits. See Simon, 359 F.3d at 145 (finding that district court's sua sponte recharacterization of petitioner's 18 U.S.C. § 3582 motion as a section 2241 motion was improper in light of "various potential obstacles to relief on successive [section] 2241 petitions"). Because this court dismisses Petitioner's motion on jurisdictional grounds, however, any subsequent section 2241 motion made by Petitioner would not be subject to section 2244. Cf. Chambers, 106 F.3d 472, 474-5 (dismissing petitioner's section 2241 petition pursuant to section 2244 because the issue was already decided on the merits). Therefore, notice to Petitioner is unnecessary. See Daumatef v. I.N.S., 386 F.3d 172, 176 n.3 (2d Cir. 2004).

regulation, custom, or usage, of any *State or Territory* or the District of Columbia." 42 U.S.C. § 1983 (emphasis added); see Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005) ("[T]he phrase 'under color of state law' as used in related civil rights statutes, notably 42 U.S.C. § 1983, [applies] only to state actors, not federal officials[.]"). Petitioner's assertion is more properly characterized as an attempt to make a claim under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens is a judicially created remedy that enables individuals to bring an action in federal court against federal officers who have invaded their constitutional rights. Dotson, 398 F.3d at 166. In view of Petitioner's *pro se* status, this court therefore construes Petitioner's section 1983 claim as an attempt to state a claim under Bivens. See Tavarez v. Reno, 54 F.3d 109, 109-110 (2d Cir.1995) (approving district court's recharacterization of a section 1983 claim brought by a *pro se* inmate against federal officials as a Bivens claim).

## III. DISCUSSION

Petitioner claims that he was denied his Fifth Amendment right to due process because he was placed in the SHU for a reason other than those allowed in the BOP's Program Statement No. 5270.07. Respondent argues that Petitioner's motion is moot because Petitioner has already been removed from administrative detention and transferred out of the SHU. In the alternative, Respondent argues that Petitioner's motion is procedurally barred because Petitioner failed to exhaust his administrative remedies.

### A. Petitioner's Habeas Motion Is Moot Since He Is No Longer Confined in the SHU

Petitioner was transferred from the SHU to the CCC on April 1, 2008. This raises a jurisdictional issue. If, at any time during the litigation, a party does not "have an actual injury

-4-

which is likely to be redressed by a favorable judicial decision," the case does not meet Article III's "case-or-controversy" test and is moot. United States v. Mercurris, 192 F.3d 290, 293 (2d Cir. 1999) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). The Second Circuit has held that a motion under section 2241 is moot if a change in the petitioner's conditions of imprisonment precludes the district court from providing any "effectual relief." Levine, 455 F.3d at 77. Thus, Petitioner's case is moot if this court can provide neither the relief requested nor any other form of "effectual relief."

Petitioner requested only that he be transferred from the SHU to the general population. This is properly considered a section 2241 request for injunctive relief. Injunctive relief relating to conditions of imprisonment, however, cannot be granted if the petitioner is no longer confined in the facility identified in the request for relief. Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008); see also Dawes v. Walker, 239 F.3d 489, 491 n.2 (2d Cir. 2001); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986). In Thompson, the Second Circuit considered a section 2241 motion filed by a prisoner who requested kosher food and access to the prison library. The prisoner was transferred to a new facility during the pendency of his appeal. The transfer rendered the motion moot, presumably because it prevented the district court, on remand, from ordering the old facility to provide kosher food or library access to the prisoner. Thompson, 525 F.3d at 209.[2] Petitioner's transfer to the CCC likewise prevents this court from ordering the requested relief. As a result, Petitioner's motion is moot. As the court therefore lacks subject matter jurisdiction over Petitioner's motion, it may not consider whether Petitioner's motion is

---

[2] Thompson, Dawes, and Purcell imply that the transfer of a prisoner to a new facility creates a presumption that he will not again be subjected to the conditions objected to at the old facility.

procedurally barred. See Perez v. Greiner, 296 F.3d 123, 126 (2d Cir. 2002).

**B. Petitioner's Bivens Claim Is Moot Since He Has Been Transferred to the CCC**

Petitioner, citing Wilwording v. Swenson, 404 U.S. 249 (1971), argues that this court should address his claim under Bivens regardless of whether he exhausted his administrative remedies. Wilwording, however, was superseded by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). See Woodford v. Ngo, 548 U.S. 81, 84 (2006). The PLRA requires this court to dismiss actions "brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner...[unless] such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to "all inmate suits about prison life," Porter v. Nussle, 534 U.S. 516, 532 (2002), and "any suit challenging prison conditions," Woodford, 548 U.S. at 85.

Before determining whether Petitioner's claim is procedurally barred, however, this court must determine whether Petitioner's transfer from the SHU to the CCC renders his Bivens claim moot.[3] In this circuit, an inmate's transfer out of a prison facility moots claims for injunctive relief against officials of that facility. Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006); see also Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam) (holding that prisoner's

---

[3] The court also notes two other potential infirmities in Petitioner's Bivens claim. First, it may be improper to request injunctive relief through a Bivens claim. See Higazy v. Templeton, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities."). But see Cuoco v. Moritsugu, 222 F.3d 99, 105 (2d Cir. 2000) (accepting district court's conversion of a section 1983 claim for an injunction into a Bivens claim). Second, Petitioner may not have, as is required of him, brought suit against Respondent in his individual, and not official, capacity. See Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998).

transfer mooted request for injunctive relief but not for compensatory damages); cf. Young v. Coughlin, 866 F.2d 567, 568 n.1 (2d Cir. 1989) (noting that transfer to a new facility meant prisoner could not request declaratory and injunctive relief under section 1983). Petitioner has not requested any compensatory damages. Therefore, Petitioner's transfer to the CCC renders his request for injunctive relief under Bivens moot.

## IV. Conclusion

For the reasons set forth above, Petitioner's motion for a writ of habeas corpus is denied. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2). The court certifies that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is directed to enter judgment for Respondent and to close this case.

SO ORDERED.

Dated: June __, 2008
Brooklyn, New York

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge